# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL WOJTOWICZ, | : | Civil No. 1:24-CV-962 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GICHNER SHELTER SYSTEMS, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is the motion for judgment on the pleadings filed by

Defendant Gichner Shelter Systems ("Gichner").  (Doc. 12.)  This is an Americans

with Disabilities Act ("ADA") case in which Plaintiff Paul Wojtowicz

("Wojtowicz") alleges he was discriminated against by his employer, Gichner, due

to his disability.  (Doc. 1.)  Gichner requests judgment in its favor on all claims.

For the reasons that follow, the motion will be granted in part and denied in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual allegations are drawn from the allegations in

Wojtowicz's complaint as well as the documentary evidence attached to Gichner's

answer and motion.[1]  In February 2022, Gichner hired Wojtowicz as a CAD

---

[1] In deciding a motion for judgment on the pleadings, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record[,]" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion . . . if the plaintiff's claims are based on the documents." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993).  Gichner has attached various documents to both its answer and its motion, and Wojtowicz has not disputed the

Designer.  (Doc. 1, ¶ 8; Doc. 13-1, p. 1)[2]  Wojtowicz alleges that he "performed his job well[,]" however, Gichner provides an internal memo in the form of a performance review, showing that his supervisor had concerns with his job performance beginning in at least April 2022.  (Compare Doc. 1, ¶ 9 and Doc. 13-2.)  Sometime after starting his employment with Gichner, Wojtowicz was diagnosed with cancer and was granted a leave of absence.  (Doc. 1, ¶¶ 10, 12.)  The initial leave of absence was set to expire at the end of August 2022.  (*Id.* ¶ 12.)

Before expiration of Wojtowicz's initial leave, Gichner emailed him regarding whether he planned to return to work and requested he fill out an accommodation request form.  (Doc. 13-3.)  Wojtowicz replied he was "in no condition to return to anything right now[,]" advised he would have his physician send the requested documentation, and requested an extension of leave because it was "physically impossible now" for him to return to work.  (*Id.*)  Wojtowicz filled out the accommodation request form, specifically requesting an extension of leave due to the "continuing side effects from cancer treatments[.]"  (Doc. 13-4.)  His physician also returned a medical inquiry form, noting that the physician had no suggestions regarding possible accommodations.  (Doc. 13-5.)  After receipt of

authenticity of the documents.  Accordingly, the court will consider these documents in evaluating the motion for judgment on the pleadings.

[2] For ease of reference, the court uses the page numbers contained in the CM/ECF header.

these documents, Gichner inquired of Wojtowicz's physician whether he would be "released back to work" by August 22, 2022. (Doc. 13-6.) In response, Wojtowicz's physician sent a letter, certifying Wojtowicz was under his care, that he had started treatment on May 17, 2022, ended treatment on July 21, 2022, and had a follow up appointment on September 2, 2022. (Doc. 13-7.) This letter did not contain an estimated return to work date. (*Id.*)

On September 6, 2022, Gichner again inquired as to a return-to-work date for Wojtowicz, to which he responded that he was "looking at sometime next month for a possible return[,]" although noting he was still experiencing symptoms from his cancer treatments. (Doc. 13-8.) Gichner responded that they would need documentation from his physician as well as further forms to grant additional leave. (*Id.*) Wojtowicz's physician filled out an additional medical inquiry form, stating Wojtowicz was experiencing fatigue and urinary side effects and did not provide any suggestion regarding an accommodation. (Doc. 13-9.)

On October 10, 2022, Gichner initiated a review of Wojtowicz's employment and outlined the timeline of his leave of absence. (Doc. 13-10.) Three days later, on October 13, 2022, Wojtowicz emailed his supervisor, noting that he hoped "to return to work sometime soon, though I don't know exactly when." (Doc. 13-11.) In this email, Wojtowicz also notified his supervisor that he would like to request "a small, private office with a door" as an accommodation for

his "ADHD/CDD disability." (*Id.*)  On October 21, 2022, Gichner notified

Wojtowicz that his employment with Gichner had been terminated as of October

19, 2022.  (Doc. 13-12.)

In his complaint, filed on June 11, 2024, Wojtowicz alleges that he was

"discriminated against because of his disabilities, and was retaliated against for

requesting reasonable accommodations, in violation of [the] Americans with

Disabilities Act." (Doc. 1, ¶ 20.)  Wojtowicz brings one count of "discrimination,

hostile work environment and retaliation" under the ADA.[3]  (*Id.* ¶¶ 22–26.)

Gichner answered the complaint on August 15, 2024.  (Doc. 11.)  As noted above,

Gichner attached the documentary evidence described above to its complaint.  (*See*

Docs. 11-1–11-12.)[4]  Gichner filed its motion and brief in support on August 2022,

2024.  (Docs. 12, 13.)  Wojtowicz filed a brief in opposition on September 27,

2024.  (Doc. 21.)  Gichner filed a reply brief on October 10, 2024.  (Doc. 22.)

Accordingly, the motion is ripe and ready for disposition.

---

[3] In his brief in opposition to the motion for judgment on the pleadings, Wojtowicz "waives" his hostile work environment claim.  The court notes that Gichner moved for judgment on the hostile work environment claim, arguing that Wojtowicz did not include sufficient factual allegations in support of his hostile work environment claim.  (Doc. 13, p. 16.)  Wojtowicz did not make an argument in opposition to this motion, but rather "waived" his hostile work environment claim. While the meaning of the word "waive" in this context is unclear, the court will construe this as Wojtowicz not opposing the entry of judgment on the hostile work environment claim. Therefore, the motion for judgment on the pleadings will be granted on the hostile work environment claim as unopposed.

[4] The court notes these are the same exhibits attached to the brief in support of the motion for judgment on the pleadings.  (Compare Docs. 11-1–11-12 and Docs. 13-1–13-12.)

**JURISDICTION AND VENUE**

This court has jurisdiction under 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is appropriate under 28 U.S.C. § 1391 because all actions or omissions occurred within the Middle District of Pennsylvania.

**STANDARD OF REVIEW**

A motion for judgment on the pleadings is the procedural hybrid of a motion to dismiss and a motion for summary judgment.  *Westport Ins. Corp. v. Black, Davis, & Shue Agency, Inc.*, 513 F. Supp. 2d 157, 162 (M.D. Pa. 2007).  Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  Under Rule 12(c), judgment should be granted where the movant clearly establishes no material issue of fact exists, and they are entitled to judgment as a matter of law.  *Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc.*, 931 F.2d 1002, 1004 (3d Cir. 1991) (citing *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980); 5C Charles A. Wright & Arthur R. Miller, Fed. Practice and Procedure, § 1367, at 205 (3d ed. 2004)); *see also Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir.1988)

(quoting *Soc'y Hill Civic Ass'n*, 632 F.2d at 1054). A court deciding a motion under Rule 12(c) "must 'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party.'" *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001) (quoting *Inst. for Scientific Info.*, 931 F.2d at 1004).

## DISCUSSION

Gichner argues it is entitled to judgment as a matter of law because Wojtowicz's requested accommodation, what Gichner characterizes as indefinite leave, is not reasonable as a matter of law, and Wojtowicz is not a qualified individual because he could not perform his job duties with or without an accommodation on the date of his termination. (Doc. 13, p. 10.) Gichner also argues that it is entitled to judgment as a matter of law on Wojtowicz's retaliation claim because he did not actually request an accommodation, but rather, made a "conditional forecast for an accommodation[,]" and the termination of Wojtowicz's employment was not causally connected to his purported accommodation request. (*Id.* at 16–18.)

Wojtowicz responds that his request for additional leave was not a request for indefinite leave, but rather, he was "asking for time that would allow him to 'perform his essential job functions in the near future.'" (Doc. 21, p. 5) (quoting *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004)).

6

Wojtowicz contends that, since he requested a reasonable recommendation, the burden now shifts to Gichner to show that this request created an undue hardship, and that considering this question is inappropriate at this stage because there has not yet been discovery in this case. (*Id.*) Wojtowicz also argues he is a qualified individual because he did not request indefinite leave and could perform the essential functions of his job with the reasonable accommodation of medical leave. (*Id.* at 6.)

Regarding the retaliation claim, Wojtowicz argues that he was not required to make a specific request, but rather, his employer must only be aware of the need for an accommodation. (*Id.* at 7.) Further, Wojtowicz argues that the timing of the termination of his employment, just a few days after he requested an accommodation, is sufficient to prove causation and discounts the e-mail initiating an employee review as dispositive on this issue. (*Id.*) Wojtowicz argues further discovery is needed "on the thought process and discussion on whether to fire Plaintiff, and whether his request for ADHD accommodation or his request for additional unpaid leave played a role in the reason why" his employment was terminated. (*Id.* at 7, 8.)

## A. Reasonable Accommodation Claim

The ADA prohibits any covered entity from discriminating "against a qualified individual on the basis of disability" in various employment aspects,

including termination. 42 U.S.C § 12112(a). One way in which an employer can discriminate against a qualified individual is by failing to make a "reasonable accommodation[] to the known physical or mental limitations of an otherwise qualified individual with a disability[.]" *Id.* § 12112(b)(5)(A). Thus, to make out a *prima facie* case of failure to accommodate, the plaintiff must show that he is a qualified individual and, if the employee needed an accommodation, "the plaintiff must show, as part of [his] burden of persuasion, that an effective accommodation exists that would render [him] otherwise qualified." *Walton v. Mental Health Ass'n of Southeastern Penna.*, 168 F.3d 661, 670 (3d Cir. 1999) (quotation omitted). A qualified individual is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position[.]" *Id.* § 12111(8). A plaintiff need only identify "an accommodation, the costs of which, facially do not clearly exceed its benefits." *Walton*, 168 F.3d at 670. After the plaintiff has made a *prima facie* showing, "the burden shifts to the defendant to prove either that the accommodation is unreasonable or that it creates an undue hardship for the defendant." *Id.*

Gichner argues that Wojtowicz's request for further leave is not a reasonable because it was a request for indefinite leave and Wojtowicz is not a qualified individual because there is no reasonable accommodation which would have

enabled him to work at the time of the termination of his employment. The court will address each argument in turn.

### 1. Indefinite Leave

The Third Circuit has held that "leave may be a reasonable accommodation when the plaintiff offers evidence that the leave would be temporary and 'would enable the employee to perform his essential job functions in the near future.'" *Gardner v. Sch. Dist. of Phila.*, 636 F. App'x 79, 84 (3d Cir. 2015) (quoting *Conoshenti*, 364 F.3d at 151). However, "[a] blanket requirement that an employer allow [unpaid] leave is beyond the scope of the ADA when the absent employee simply will not be performing the essential functions of [his] position." *Walton*, 168 F.3d at 671. "Courts have found a request for leave to be indefinite where the employee presents no evidence of the expected duration of the requested leave and no indication of a favorable medical prognosis." *McCall v. Carbon Schuykill Comty. Hosp.*, No. 3:19-2052, 2022 WL 359035, at *12 (M.D. Pa. Aug. 23, 2022).

Gichner argues that Wojtowicz's requests for leave were seeking "indefinite leave" because he never provided a return-to-work date, despite multiple requests to do so. (Doc. 13, p. 12.) While Wojtowicz did not provide a specific date he intended to return, the documentary evidence submitted by Gichner shows that he did intend to return to work and had a favorable medical prognosis. In the e-mail to his supervisor requesting an office with a door, Wojtowicz writes: "I'm still

experiencing side effects (exhaustion and urinary) but improving. I'm visiting my oncologist next week for a consultation. I'm hoping to return to work sometime soon, though I don't know exactly when." (Doc. 13-11.) Construing this evidence in the light most favorable to Wojtowicz, as is required, this document is sufficient to create an issue of fact as to whether Wojtowicz's request for further leave was for indefinite leave or whether a short amount of further leave would have enabled him to return to work.

The limited evidence available at this procedural posture is distinguishable from the cases cited by Gichner, which all include some evidence that the employee was unable or did not intend to return to their job at all. *See Garner v. Sch. Dist. of Phila.*, 63 F. Supp. 3d 483, 490 (E.D. Pa. 2014), *aff'd sub nom Gardner v. Sch. Dist. of Phila*, 636 F. App'x 79 ("Garner has consistently asserted, during the more than three years that he has been out of work, that he was and is unable to his job with any accommodation, and his testimony supports such."); *Fogleman v. Greater Hazleton Health Alliance*, 122 F. App'x 581, 586 (3d Cir. 2004) (noting there was no evidence that plaintiff could eventually return to work because "she had difficulty doing simple household chores[,]" there was "no evidence of a favorable diagnosis and she claimed in her application for workers' compensation that she was fully disabled.") Accordingly, at this procedural posture, there remains an issue of material fact as to whether Wojtowicz was

requesting indefinite leave that requires further discovery. Therefore, the motion for judgment on the pleadings will be denied on this ground.

## 2. Qualified Individual

As stated above, an individual with a disability is a qualified individual when he can "perform the essential functions of the employment position that such individual holds or desires" with or without a reasonable accommodation. 42 U.S.C. § 12111(8). Determining whether a plaintiff is a "qualified individual" requires determining "(1) whether the individual has the requisite skill, experience, education and other job-related requirements of the position sought, and (2) whether the individual, with or without reasonable accommodation, can perform the essential functions of that position." *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006) (citing 29 C.F.R. § 1630.2(m)). "The determination of whether an individual with a disability is qualified is made at the time of the employment decision, not at the time of the lawsuit." *Id.* The parties only make arguments regarding the second prong, whether Wojtowicz could perform the essential functions of his position with or without a reasonable accommodation. Accordingly, for the purposes of this motion, the court will assume that Wojtowicz had the requisite skill, experience, and education for the position.

Gichner points to cases in which the court held that "the only accommodation Defendant could have provided, under the circumstances, would

be indefinite leave and such an accommodation is not reasonable." *Jacoby v. Bethlehem Suburban Motor Sales*, 820 F. Supp. 2d 609, 623 (E.D. Pa. 2011); *see also Williams v. Pinnacle Health Family Care Middletown*, No. 1:18-CV-00722, 2020 WL 8991688 at *10 (M.D. Pa. March 19, 2020) (report and recommendation adopted by *Williams v. Pinnacle Health Family Care Middletown*, No. 1:18-CV-00722, 2020 WL 8991685 (M.D. Pa. Aug. 4, 2020)) (holding that plaintiff was not a qualified individual because she could not perform her job with or without a reasonable accommodation at the time of termination of employment because she could not physically return to work at the time of termination, could not provide any indication she could return to work, was hospitalized at the time, and eventually obtained Social security disability).

Here, however, it has not been established as a matter of law that the only possible accommodation Gichner could have provided was indefinite leave. Making all reasonable inferences in favor of Wojtowicz, the evidence so far shows that he was not able to return in October, but there was a possibility of him returning soon thereafter and he intended to return. (Doc. 3-11.) Thus, there remains a disputed fact regarding whether additional short-term leave was a reasonable accommodation which would enable him to perform the essential functions of his position. Therefore, the motion for judgment on the pleadings will be denied on this ground as well.

### B. Retaliation

42 U.S.C. § 12203(a) provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter . . . ." Thus, in order to succeed on an ADA retaliation claim, a plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *Williams v. Philadelphia Hous. Auth. Police Dep't*, 380 F.3d 751, 759 (3d Cir. 2004) (abrogated on other grounds) (citing *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567–68 (3d Cir. 2002)). A plaintiff can establish a causal connection by showing "[t]emporal proximity between protected activity and adverse employment action and/or evidence of ongoing antagonism." *Drwal v. Borough of W. View, Pa.*, 617 F. Supp. 2d 397, 422 (W.D. Pa. 2009) (citing *Abramson v. William Patterson Coll. of N.J.*, 260 F.3d 265, 288 (3d Cir. 2001)). Temporal proximity alone is sufficient if it is unusually suggestive; otherwise, there must be other evidence of retaliatory motive. *Williams*, 380 F.3d at 760. However, "[i]t is important to emphasize that it is causation, not temporal proximity itself, that is an element of plaintiff's prima facie case, and temporal proximity merely provides an evidentiary basis from which an

inference can be drawn." *Kachmar v. SunGuard Data Systems, Inc.,* 109 F.3d 173, 178 (3d Cir. 1997).

Here, Wojtowicz has engaged in protected employee activity, specifically by requesting accommodations for his disabilities, including further medical leave and an office with a door.  Gichner's contention that this was a "conditional forecast" is unsupported by case law and contrary to what is required of an employee when making a request for an accommodation.  The Third Circuit has held that the notice of a requested accommodation does not need to be in writing, "be made by the employee, or formally invoke the magic words 'reasonable accommodation[.]" *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 313 (3d Cir. 1999). The notice must "make clear that the employee wants assistance for his or her disability . . . [and] the employer must know of both the disability and the employee's desire for accommodations for that disability." *Id.*  In this case, drawing all inferences in favor of Wojtowicz, his request for additional leave and an office with a door upon return to work are sufficiently clear to put Gichner on notice that he was requesting an accommodation.

Lastly, there remains an issue of fact as to whether there is a causal connection between the termination of Wojtowicz's employment and his requests for accommodation.  While the initiation of a review of Wojtowicz's employment began before he asked for an office with a door, there is not sufficient evidence in

14

the record to show the cause of the eventual termination of his employment. Further discovery is needed into this issue.  Therefore, the motion for judgment on the pleadings will be denied on this ground.

## CONCLUSION

In conclusion, the motion for judgment on the pleadings will be granted in part and denied in part.  An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 30, 2024